## Winiata Ropere TEWHETU SHORTLAND, Petitioner,

v.

## Alberto R. GONZALES, Attorney General, Respondent.

No. 06–72533.

United States Court of Appeals, Ninth Circuit.

Submitted July 9, 2007.*

Filed July 20, 2007.

Winiata Ropere Tewhetu Shortland, Castro Valley, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Hillel Smith, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: LEAVY, THOMAS, and BERZON, Circuit Judges.

MEMORANDUM **

Winiata Ropere Tewhetu Shortland, a native and citizen of New Zealand, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the ruling of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252.

Where, as here, the BIA reviews the IJ's decision de novo, our review is limited to the BIA's decision. *See Ochoa v. Gonzales,* 406 F.3d 1166, 1169 (9th Cir.2005). We review the agency's decision for substantial evidence, *see Gu v. Gonzales,* 454 F.3d 1014, 1018 (9th Cir.2006), and we deny the petition.

Substantial evidence supports the BIA's denial of asylum because there is no evidence in the record that Tewhetu Shortland suffered any harm on account of a protected ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Because Tewhetu Shortland failed to satisfy the lower standard of proof for asylum, he necessarily failed to satisfy the

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

more stringent standard for withholding of removal. *See Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004).

Finally, substantial evidence supports the BIA's denial of Tewhetu Shortland's CAT claim because he did not show that it was more likely than not that he would be tortured if he returned to New Zealand. *See Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003).

**PETITION DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.